UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America,
    Government

    v.                                         Case No. 09-cr-95-1-SM
                                              Opinion No. 2012 DNH 149

Ramie Marston,
    Defendant

**O R D E R**

Defendant, both through counsel and in a pro se filing, seeks some form of review of her restitution obligation. Taking both pleadings together, it seems that defendant is: 1) challenging the court-ordered restitution order on grounds that, in imposing sentence, the court impermissibly "left it to the [Bureau of Prisons] to determine the actual [payment] schedule while [defendant remains] in its custody"; and 2) challenging the Bureau of Prison's determination of the amount and timing of restitution payments defendant must make under the Bureau's Inmate Financial Responsibility Program ("IFRP").

Defendant asserts her claims under the provisions of 18 U.S.C. § 3664(k), but does not notice any material change in her economic circumstances relative to her ability to pay. If anything, those circumstances have improved since imposition of the restitution order, given the earnings opportunity available

to her under the IFRP.  But, more to the point, restitution in this case was mandatory, 18 U.S.C. § 3663A, and by making restitution "due immediately" the court "did not delegate the setting of payment schedules to . . . the Bureau of Prisons." Bramson v. Winn, 136 Fed. App'x 380, 381 (1st Cir. 2005).  By imposing restitution and making it due immediately, the court, not the Bureau, set the amount due and the schedule to be met. Id.

To the extent defendant seeks to challenge the Bureau's collection of restitution payments under the IFRP while she is incarcerated — and that seems to be the gist of defendant's motions — it is clear that the Bureau may administer collection of such payments through the IFRP when a sentencing court has, as in this case, ordered immediate payment.  Id.  See also Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999).  And, of course, before seeking judicial relief with respect to IFRP issues, defendant must first exhaust available administrative remedies (which she does not claim to have done).  Then she must seek relief in the district in which she is incarcerated, by means of a habeas corpus petition (28 U.S.C. § 2241).  See, e.g., United States v. Diggs, 578 F.3d 318 (5th Cir. 2009).  This court is without subject matter jurisdiction over defendant's IFRP claim.

Defendant's motions to modify the court-ordered restitution (documents 78 and 79) are denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 29, 2012

cc: Bjorn R. Lange, Esq.
    Alfred J. T. Rubega, AUSA
    Michael T. McCormack AUSA
    Bjorn R. Lange, Esq.
    Ramie Marston
    U.S. Probation
    U.S. Marshal